The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, Arkansas 72201-1094
Dear Mr. McCuen:
This is in response to your request for an opinion on three questions concerning the upcoming special election to fill the vacancy in the Lieutenant Governor's office. You note that your office has had numerous calls from all over the state seeking advice about adding local issues or questions to the ballot on Election Day. Your questions will be restated and answered below in the order posed.
Your first question is as follows:
 The Lieutenant Governor and State Representative District 20 special primary and general elections are called for the same day, though by separate proclamations. In the area of District 20 (Little River, part Miller, and part Sevier counties), will it be permissible to have all candidates for both of those offices on a single ballot?
In my opinion, the answer to this question is "yes."
I assume that your question inquires as to both the primary and general election ballots in the affected counties. My research has disclosed no prohibition against placing the names of each of the candidates for both offices on the same ballot, although the elections were called by separate proclamations. Section 7-5-103
of the Arkansas Code provides that "[i]f no time is otherwise provided by law, all special elections to fill vacancies . . . shall be held at the time specified in the proclamation. . . ." The procedure for filling vacancies in both of these offices is provided by the same statute, A.C.A. § 7-7-105 (1987). This statute authorizes the calling of special elections, and provides for the holding of special primary elections. Although the statute does not expressly contemplate the occurrence of two such vacancies simultaneously, there is nothing in this statute or any other relevant law which would prohibit these two special election issues from being called on the same day, and being placed on the same ballot. At least one circuit judge in Arkansas has reached a similar conclusion. See Glidewell v. Baran,Mayor, Garland Circuit No. Civ. 90-468, July 27, 1990 (finding no prohibition against placing special election issue on the general election ballot). Cf. also Op. Att'y Gen. No. 91-017.
In addition, placing candidates for both offices on the same ballot at the special primary election would not appear to run afoul of A.C.A. § 7-7-306 which provides that "[a]t each primary election each political party shall furnish separate ballots containing only the names of persons seeking offices to be voted upon as a nominee or candidate of that political party." "Primary election" includes a special primary election. A.C.A. §7-1-101(2). It appears that at the special primary, in the affected counties, only the names of party nominees would appear on the ballot. This would appear to be in conformity with A.C.A. § 7-7-306 above.
Your second question is as follows:
 Since these two elections were called separately, and if separate ballots are required, must there be a separate set of judges and clerks of the election for each ballot?
In light of the answer to Question 1, above, an answer to this question is unnecessary.
Your third question is as follows:
 Numerous local governmental entities have indicated an intent to have various issues submitted to the citizens on the same day as the Lieutenant Governor's special election.
 (a) Can these issues be included on the same ballot with the candidates for Lieutenant Governor?
 (b) If separate ballots are required, does the law also require separate ballot boxes, judges and clerks of the election, certification of results, etc.?
 (c) If the Lieutenant Governor contest, county issues and city issues are all on the same ballot at the special general election on July 27, 1993, who bears the costs of the election, and if the costs are shared, how are these expenses allocated?
I assume, as an initial matter, that this question inquires as to placing local issues on the ballot at the special general election to be held on July 27, 1993, and not on the special primary election ballot. Local nonpartisan issues, in my opinion, cannot be placed on special primary ballots. See Op. Att'y Gen. No. 88-057, Mears v. City of Little Rock, 256 Ark. 359,508 S.W.2d 750 (1974), and A.C.A. § 7-7-306.
It is my opinion, however, that no general election law prohibits the placing of local issues on the ballot at the July 27 special general election to fill the vacancy in the office of Lieutenant Governor. See again Glidewell v. Baran, and Op. Att'y Gen.91-017. Reference, however, must be had to the individual statutes governing the calling and holding of an election on the particular issue. Because your question could include any number of "various" local issues, we cannot undertake an analysis of each type of potential issue upon which a special election might be called.[1] The local county or city attorney for the affected political subdivision must therefore review the particular issue upon which the election is called, and the statutes governing the calling of an election on that particular issue, to determine whether the issue may, from both a legal and practical standpoint, be placed on the special general election ballot on July 27, 1993.
An answer to the second part of your third question is unnecessary in light of the conclusion above.
With regard to the third part of your third question, regarding the expenses of the election, it is my opinion that the general responsibility to pay the expenses of the election is unclear under Arkansas law, and this responsibility may vary in light of the particular issues to be included on the ballot.
As a general matter, A.C.A. § 7-5-104 (Adv. Code Serv. 1992-93) provides as follows:
 All expenses of general elections for presidential, congressional, state, district, county, township, or municipal offices in this state shall be paid by the counties in which they are held. However, any city or incorporated town shall reimburse the county board of election commissioners for the expenses of any election in an amount equal to a figure derived by multiplying fifty percent (50%) of the total cost of the election by a fraction, the numerator of which shall be the number of voters from the city or incorporated town casting ballots in the election prepared by the county board of election commissioners and the denominator of which shall be the total number of voters casting ballots in the election.
This statute, in the first sentence, requires counties to pay the expenses of "general elections" for the offices mentioned. The second sentence, however, requires cities and incorporated towns to reimburse the county board of election commissioners for the expenses of "any election" in accordance with the formula set out in the statute.
The statute is ambiguous. It is unclear whether cities and incorporated towns are required to reimburse counties for the expenses of "any" election, including "special" elections such as the one to be held on July 27, or whether this responsibility attaches only with regard to "general elections." The statute formerly applied to both general and special elections and required cities, towns and school districts to reimburse the county in proportion to the number of issues and races each subdivision had on the ballot. See Acts 1969, No. 465, Art. 6, § 9. The provision was amended by Act 921 of 1991 to change the reimbursement formula so as to base it on the number of voters voting from each political subdivision.[2] The provision was then repealed by Act 67 of the First Extraordinary Session of 1992, which adopted a new section, identical to the 1991 version, except that the word "special" was omitted, as was the phrase "school districts."
Notwithstanding the ambiguous legislative activity on this issue, there is no clear legislative intent to change the longstanding responsibility of counties to pay for such special elections. We do know, for example, that in counties which use voting machines, A.C.A. § 7-5-508(b) requires the counties to pay the expenses connected with using these machines. Additionally, A.C.A. §7-4-107(e) appears to stand as general authority for the proposition that the county is to pay the per diem of judges, clerks and sheriffs of the election. Therefore, my best legal judgment is that counties currently bear the general responsibility for the costs of this special election.
If specific statutes govern local issues appearing on the ballot, those statutes may control the responsibility, as between the counties and cities, for paying the costs of the election. The particular statute giving rise to the local issue should therefore be consulted in this regard.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] I will note, however, that initiative measures may only be submitted at "regular" elections. Arkansas Constitution, Amendment 7.
[2] It appears that the Arkansas Code Revision Commission did not incorporate this change when it codified the 1991 amendment.See A.C.A. § 7-5-104 (Supp. 1991).